# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY A. LIPTAN,            ) | |
| )  | |
| Plaintiff,            ) | |
| )  | |
| v.            ) | Case No. CIV-05-411-SPS |
| )  | |
| JO ANNE B. BARNHART,            ) | |
| Commissioner of the Social Security            )  | |
| Administration,            ) | |
| )  | |
| Defendant.            ) | |

## OPINION AND ORDER

The claimant Beverly Liptan requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity (RFC) to perform her past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account her age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on March 9, 1948, and was 57 years old at the time of the administrative hearing. She has a ninth grade education and has previously worked as a casino change person and a painter's helper. The claimant alleges she has been unable to work since January 3, 2003, because of fibromyalgia, lupus, osteoporosis, sleep problems, fatigue, side effects from medication, panic attacks, anxiety, and pain in the back, neck, legs, feet, and hands.

**Procedural History**

On January 30, 2004, the claimant protectively filed applications for disability benefits under Title II (42 U.S.C. § 401 *et seq*.) and for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). Both applications were denied. After a hearing on May 3, 2005, ALJ James Jordan found the claimant was not disabled in a decision dated July 20, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had the residual functional capacity ("RFC") to perform medium work, including lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; standing and/or walking six hours in an eight-hour workday; and, sitting six hours in an eight-hour workday (Tr. 17). Further, the claimant was able to understand, remember, and carry out simple

instructions, but not all detailed instructions, under routine supervision. She was unable to have active interaction with the general public. The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work in the regional and national economies she could perform, *e.g.*, cleaning worker, kitchen helper, hand packer, mail clerk, and sorting jobs (Tr. 18).

## Review

The claimant asserts that the ALJ erred: (i) by ignoring probative medical evidence; (ii) by making an RFC determination that was not supported by substantial evidence; and, (iii) by improperly analyzing her credibility. The Court finds that the claimant's first contention is dispositive of this appeal.

The record reveals the claimant was first noted to suffer from musculoskeletal pain in August 2000 when her physician found multiple soft tissue tender points (Tr. 129). In December 2001, the claimant was assessed with fibromyalgia and multiple tender points again were noted (Tr. 112). By June 2002, the claimant was experiencing pain and stiffness in her right hand (Tr. 106). The claimant complained of joint pain in January 2004 and multiple tender points were present (Tr. 159-60). In April 2004, the claimant underwent an examination with consulting physician Dr. Ravinder R. Kurella, M.D. He found the claimant's range of motion in her wrists, elbows, thumbs, and fingers were within normal limits, and her strength was 5/5 in all extremities. He could not locate any tender points. Although he noted the claimant could effectively oppose the thumb to the finger tips, manipulate small objects, and effectively grasp tools such as a hammer, he qualified his findings by noting that the claimant's grip strength in both hands was 3/5 secondary to her

arthritis. He found no deformity of the hands (Tr. 135-42). A state agency physician completed a RFC assessment in May 2004 after reviewing the claimant's records. He determined the claimant had the capacity to perform medium work with no other limitations. The findings were affirmed by another agency physician in August 2004. Following the agency physicians' assessment, the claimant was seen on several occasions at Northeast Oklahoma Community Health Centers for complaints related to her joint pain. At an examination in September 2004, heat was present in the claimant's upper extremity joints (Tr. 190). By December 2004, claimant's examination revealed swollen and tender PIP joints of the fingers with decreased grip strength (Tr. 220). In April 2005, the claimant complained that her medication was not helping the pain and stiffness in her hands (Tr. 231).

The ALJ found that the claimant had severe impairments of fibromyalgia, lupus, and an anxiety disorder (Tr. 14). He did not, however, impose any restrictions on the work the claimant could perform based upon the condition of her hands, although there was evidence in the record to support such restrictions. *See Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). For example, the claimant continued to have problems with her hands well after her examination by Dr. Kurella, *e. g.*, reduced grip strength, heat in her upper extremity joints, and swelling and tenderness in the joints of her fingers. This evidence was significant because the vocational expert indicated that limitations on bilateral use of the hands could eliminate any competitive work for the claimant (Tr. 289). Further, Dr. Kurella

himself noted that the claimant's grip strength in both hands was only 3/5 because of her arthritis. Because he relied in part upon Dr. Kurella's other findings to support his RFC determination, the ALJ should *at a minimum* have explained why he rejected findings that were arguably at odds with the RFC. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.").

Because the ALJ failed to discuss probative evidence that he apparently rejected, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. If upon reconsideration of this evidence the claimant's RFC is amended, the ALJ should then redetermine what work, if any, the claimant can perform with her amended RFC and what impact, if any, such amended RFC has on the claimant's disability determination.

## Conclusion

For the reasons set forth above, the ruling of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further findings consistent with this Opinion and Order.

**DATED** this 29th day of January, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**